1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARYLAN J. BENSON, et al.,

11            Plaintiffs,                          No. CIV S-04-1249 FCD EFB

12        vs.

13   CREST OIL & GAS MANAGEMENT              ORDER GRANTING IN PART AND
     CORP., et al.,                         DENYING IN PART PLAINTIFF'S AND
14                                           DEFENDANTS' MOTIONS TO COMPEL
            Defendants.
15   _____/

16           This case was before the court on September 20, 2006, for hearing on both

17   parties' motions to compel.  On July 5, 2006, defendant Crest Oil & Gas Management

18   Corporation ("Crest")[1] filed a motion to compel the deposition of Laura Quinn ("Quinn"), and to

19   continue the deposition of Marylan J. Benson ("Benson").  On August 1, 2006, plaintiffs moved

20   to compel the deposition of Edwin P. Horan ("Horan").[2]  In addition to the motions to compel,

21

22        [1]  There are multiple named defendants, most going by some derivation of "Crest," all of
     which are represented by the same counsel.  Defense counsel's papers appear to refer to these
23   defendants, collectively, as "Crest Oil & Gas Management Corporation."

24        [2] The court notes that plaintiffs misspelled Horan's name in the notice of deposition, and
     that defendants "objected" to the notice on that and other minor grounds.  Despite these
25   misspellings, the court finds that given the extended efforts of plaintiffs' counsel to obtain
     Horan's deposition, defendants had sufficient notice as to which person plaintiffs wished to
26   depose.

1

1  each party has requested sanctions.  Plaintiffs filed an opposition to defendants' motion to

2  compel.  Defendants filed an opposition to plaintiffs' motion.  Gregory J. Brod appeared at the

3  hearing on behalf of defendants and Larry Rothman appeared on behalf of plaintiffs.  For the

4  reasons stated at oral argument and as set forth below, both motions are granted in part and

5  denied in part.

6  BACKGROUND

7  This case was removed to federal court on June 30, 2004 on the basis of diversity

8  jurisdiction.  In short, the underlying action concerns plaintiffs' investment in various oil wells

9  owned or controlled by defendants, and includes causes of action ranging from breach of

10  contract to fraud.  The litigation of this case has been characterized by continued failures by both

11  counsel to follow the Federal Rules of Civil Procedure and this district's Local Rules.

12  The parties failed to meet the June 30, 2006 discovery cutoff date set in the

13  Scheduling Order issued on July 22, 2005.  Nonetheless, the parties were accommodated by an

14  amendment to the scheduling order to permit hearings on these motions to compel.  Despite the

15  parties' failure to file a joint stipulation as required by Local Rule 37-251(c), this court decided

16  to hear the matter as scheduled in order to resolve the discovery dispute quickly in light of a

17  pending motion for summary judgment.  Plaintiffs' opposition to the summary judgment motion

18  included a Rule 56(f), Federal Rule of Civil Procedure ("Fed. R. Civ. P."), request for a

19  continuance pending requested discovery that is implicated by the plaintiffs' motion to compel.

20  At oral argument, the court granted in part and denied in part both motions and set

21  dates for the completion of all three depositions (i.e. Horan, Benson, and Quinn).

22  DISCUSSION

23  Pursuant to Fed. R. Civ. P. 37(a), the court has the power to compel discovery,

24  including depositions.  The court finds it appropriate to exercise that power given the

25  circumstances of this case.

26  ////

A.  Motion to Compel Depositions of Benson and Quinn

Plaintiffs do not object to either the continued deposition of Ms. Benson or the deposition of Ms. Quinn.  This motion appears to be the result solely of the failure of counsel to communicate effectively with each other.  Accordingly, these depositions were scheduled by the court at oral argument on the motions.

As for resumption of the Benson deposition, defense counsel, Mr. Brod, began taking Ms. Benson's deposition on June 2, 2006, but was apparently unable to complete it for various reasons, including Mr. Rothman's travel plans and his insistence on examining Ms. Benson himself.  Although the deposition took place pursuant to defendants' notice of deposition, the court instructs counsel for both parties that Mr. Rothman does have a right to depose his own client to preserve her testimony.  (Ms. Benson is 80 years old.)  However, if he chooses to do so, any additional cost occasioned by Mr. Rothman's portion of the deposition shall be borne by plaintiffs.

As for the Quinn deposition, Mr. Brod argues that he only learned of Quinn's existence during the June 2, 2006, Benson deposition.  Afterwards, Mr. Brod argues, he noticed Quinn's deposition and re-noticed a continuation of the Benson deposition.  Apparently, plaintiffs' counsel objected to the proposed dates, and both counsel failed to work out an agreeable schedule for completing the depositions.

Defendants' motion to compel the deposition of Quinn and to resume the continuation of the Benson deposition is GRANTED in part, as specified below.

B.  Motion to Compel Horan's Deposition

Plaintiffs filed a motion to compel Horan's deposition on August 1, 2006.  According to plaintiff's counsel, Mr. Horan is the custodian of records for Crest and has information regarding the transactions underlying this case.  Plaintiffs noticed Horan's deposition for March 10, 2006, in Houston.  After Mr. Rothman had flown to Houston to take the deposition, defendants' counsel, having no authority to do so, unilaterally refused to produce

1   Horan until plaintiffs supplemented their initial disclosures.  Mr. Rothman re-noticed Horan's

2   deposition for July 13, 2006, based on Mr. Brod's representations as to his client's availability

3   on that date.  However, Brod objected to that notice based on spelling and other technical errors,

4   and communicated to Mr. Rothman that Horan was no longer available on that date.  Plaintiffs

5   filed the motion to compel Horan's deposition on August 1, 2006.  Plaintiffs' motion to compel

6   is GRANTED in part, and Horan's deposition shall take place as specified below.

7          C.  Sanctions

8              In the papers supporting defendants' motion to compel, defendants request

9   sanctions precluding plaintiffs from using Quinn's testimony for the remainder of the case.

10  Defendants request additional sanctions by requiring Benson and Quinn to travel to Sacramento

11  for their depositions, and also appear to ask the court to sanction plaintiffs pursuant to Fed. R.

12  Civ. P. 11 based on the "lack of evidentiary support" in plaintiffs' pleadings despite their

13  "reasonable opportunity for further investigation and discovery."  Defendants' Opposition to

14  Motion to Compel, at p. 5.  As discussed above, plaintiffs have *not* had a "reasonable

15  opportunity" for discovery given defendants' repeated refusals to produce Horan for deposition.

16  Further, Brod's motion for Rule 11 sanctions is not properly made.  Fed. R. Civ. P. 11(c)(1)(A)

17  ("a motion for sanctions under this rule shall be made separately from other motions or

18  requests").  Each of these requests for sanctions is DENIED.

19              Plaintiffs request sanctions in an amount equaling the costs related to Mr.

20  Rothman's travel to Houston and preparation for the Horan deposition and for two days of lost

21  time.  In lieu of monetary sanctions, the court is ordering that the Horan deposition shall occur at

22  Mr. Rothman's office in Orange, California.  In all other respects, plaintiffs' motion for

23  sanctions is DENIED.

24              Pursuant to Federal Rule of Civil Procedure 37(a)(4)(A), when the court grants a

25  motion to compel, it must require the party whose conduct necessitated the motion to pay the

26  moving party's reasonable expenses incurred in making the motion, *unless* "other circumstances

4

1  make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4)(A).  Further, pursuant to Fed. R.

2  Civ. P. 37(a)(4)(A), where the motion is "granted in part and denied in part," the court has

3  discretion whether or not to apportion expenses incurred in relation to the motion(s).  Fed. R.

4  Civ. P. 37(a)(4)(A).

5          The court GRANTS IN PART AND DENIES IN PART BOTH MOTIONS TO

6  COMPEL and declines to award either party expenses related to either motion.  The court

7  DENIES the requests for sanctions made by both parties, as explained above.  The court

8  GRANTS plaintiffs' motion to compel Horan's deposition and GRANTS defendants' motion to

9  compel the deposition of Quinn and to resume the continuation of the Benson deposition.  Given

10  the dismaying history of both counsels' conduct leading to these motions, including their failure

11  to communicate effectively and to follow both the Federal Rules of Civil Procedure and this

12  district's Local Rules, the court finds that an award of expenses to either party is not justified.

13  CONCLUSION

14          Accordingly, IT IS HEREBY ORDERED that:

15          1.  Defendants' motion to compel and request for sanctions is GRANTED IN

16  PART and DENIED IN PART.  Defendants' request for sanctions is DENIED;

17          2.  Plaintiffs' motion to compel and request for sanctions is GRANTED IN PART

18  and DENIED IN PART.  Plaintiffs' request for sanctions is DENIED except as specified in

19  paragraph 3 below;

20          3.  Defendants shall produce Horan for deposition in Orange, California, on

21  October 17, 2006, at 10:00 a.m.;

22          4.  Plaintiffs shall produce Marylan Benson and Laura Quinn for deposition on

23  November 2, 2006 through November 3, 2006.  The deposition shall occur by means of video

24  conference technology so that Benson and Quinn may remain in Michigan and Brod may remain

25  in California.  Messrs. Brod and Rothman shall communicate in advance of this deposition

26  regarding the video conferencing arrangements and Mr. Rothman shall bear any additional cost

1  attributable to his examination of his client for purposes of preserving testimony;

2           5.  Counsel are admonished that the failure to comply with this order will result in

3  sanctions pursuant to Fed. R. Civ. P. 37.

4  DATED:  September 26, 2006.

5

6  _____
   EDMUND F. BRENNAN

7  UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26