UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DONALD E. BENSON, MARYLAN J. BENSON, and DONALD BENSON FAMILY LLC

   Plaintiffs,

  v.

CREST ENERGY, INC., et al.,

   Defendants.

NO. CIV. S-04-1249 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

  This matter is before the court on plaintiffs Marylan J. Benson and the Donald Benson Family LLC's ("plaintiffs")[1] motion for relief from judgment under Federal Rule of Civil Procedure 60(b). On December 1, 2006, the court granted defendant Crest Oil & Gas Management Corp.'s ("defendant") motion for summary judgment, thereby dismissing all of plaintiffs' claims against

---

[1] Plaintiff Donald E. Benson, who died subsequent to the filing of this action, was dismissed as a plaintiff purusuant to the court's order of January 5, 2006. Fed. R. Civ. P. 25.

1

defendant.[2]  Plaintiffs now move for reconsideration of that order, arguing that reversal of the order is required to "accomplish justice" in this case.[3]

Where the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  Because plaintiffs' motion was filed more than ten days after entry of dismissal,[4] the court will consider the motion under Rule 60(b).  Fed. R. Civ. P. 59(e) (requiring that all motions submitted pursuant to this rule be filed within ten days of entry of judgment).

Absent "highly unusual circumstances," reconsideration of a final judgment or order is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law.  School Dist. No. 1J, Multnomah County, 5 F.3d at 1263.

---

[2] Based on the court's order, judgment was entered in favor of defendant and the case closed.  (Docket #100.)  However, said judgment was entered in error because the court's order did not resolve the entirety of the case--defendant's counter-claim against plaintiffs remained pending.  As such, on December 7, 2006, the court vacated the judgment and re-opened the case.  (Docket #101.)

[3] Because oral argument will not be material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

[4] Plaintiffs filed the instant motion on February 20, 2007.

2

It *appears* plaintiffs' motion herein is premised on the second basis.  However, it is difficult to discern the basis for plaintiffs' motion because plaintiffs' papers are nearly unintelligible, offering little more than a series of string citations to cases setting forth the standard for Rule 60(b) motions and vague references to alleged errors committed by the court regarding its findings as to plaintiff Donald Benson Family LLC ("Family LLC").  As plaintiffs have not presented any plausible basis for their motion, the court summarily denies the motion.  Plaintiffs present no change in the controlling law, no newly-discovered evidence, and make no showing that the court committed clear error.

In that later regard, the court notes that even assuming the truth of plaintiffs' allegations, that the Family LLC never transacted business in the State of California, such fact does not impact the court's ruling with regard to the company.  The court granted defendant's motion for summary judgment as to the claims asserted by the Family LLC because plaintiffs proffered no evidence that the company was qualified to maintain this action in California as a plaintiff.  Pursuant to California Corporations Code sections 2105 and 2203, a foreign corporation, like the Family LLC (a Michigan company), must hold a valid certificate of qualification from the California Secretary of State, authorizing the company to do business in California, in order to maintain a lawsuit in California.  (Mem. & Order, filed Dec. 1, 2006, at 12.)  Here, the Family LLC's manager testified that the company did not have such a certificate, and defendant proffered evidence that none could be found on the Secretary of

State's website. Based on this evidence, the court dismissed all claims asserted by the Family LLC against defendant. Plaintiffs present no contrary evidence on the instant motion (let alone any "newly discovered" evidence on the issue), and thus, there is no basis for reconsideration of the court's prior order.[5]

Plaintiffs' motion for relief from judgment is accordingly DENIED.

IT IS SO ORDERED.

DATED: April 5, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Moreover, even if the Family LLC *could* maintain the action, plaintiffs proffered *no* evidence on the summary judgment motion, nor have they done so here, establishing a viable basis for any of its claims against defendant. (See Mem. & Order, filed Dec. 1, 2006, at 4-5 n. 7.)

4