UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DONALD E. BENSON, MARYLAN J. BENSON, and DONALD BENSON FAMILY LLC

    Plaintiffs,

  v.

CREST ENERGY, INC., et al.,

    Defendants.

NO. CIV. S-04-1249 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on counter-claimant Crest Oil & Gas Management Corp.'s ("Crest") motion for summary judgment, or alternatively, summary adjudication, with respect to its counter-claim for unjust enrichment against counter-defendants Donald E. Benson, Marylan J. Benson and the Donald Benson Family LLC (the "Bensons").[1]  Counter-defendants oppose

///

---

[1] Crest concedes in its moving papers that its claims for express indemnity and breach of contract were rendered moot by the court's prior order granting defendant's motion for summary judgment regarding plaintiffs' claims. (Def.'s Mem. in Supp. of Mot. for Summ. J., filed June 15, 2007, at 2, 3.) Therefore, these claims are DISMISSED.

1

the motion. For the reasons set forth below,[2] Crest's motion for summary judgment is GRANTED.

## BACKGROUND[3]

This case arises out of the Bensons' investment in oil and gas wells developed by Crest Energy, Inc. The Bensons originally filed this action in February 2004 in the Superior Court of California, County of Glenn, for (1) breach of contract; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) accounting; and (5) unfair business practices. Defendants removed the action to this court on the basis of diversity jurisdiction. In April 2005, Crest filed counterclaims against all plaintiffs for (1) unjust enrichment; (2) express indemnity; and (3) breach of contract. On December 1, 2006, the court granted Crest's motion for summary judgment regarding the Bensons' claims against it; however, Crest did not seek adjudication of its counter-claims against the Bensons through its motion. On June 1, 2007, the court amended the pretrial scheduling order filed on July 22, 2005 to allow Crest to file a

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

[3] Unless otherwise noted, the facts herein are undisputed. (See Counter-defs.' Opposing Stmt. to Separate Stmt. of Undisp. Facts ("UF"), filed June 28, 2007).

Counter-defendants object to various pieces of evidence that Crest presents in support of its motion, including the subject Agreement relating to the Northwest Grimes ("NWG #2") Well. Counter-defendants objections are OVERRULED. The documents at issue are properly authenticated by Edwin P. Horan, III, the president of Crest Energy, Inc. and Crest Oil & Gas Management at all relevant times. As president, Horan has personal knowledge of the business dealings of his corporation and can properly lay the foundations for the admission of these documents.

2

dispositive motion regarding its remaining counter-claims.

At issue in Crest's remaining counter-claim for unjust enrichment are royalty payments made to the Bensons from production on the Northwest Grimes ("NWG #2") Well.  After production on the NWG #2 Well began, Donald Benson represented to Crest that the Bensons were participants in the NWG #2 Well.  (UF ¶ 10.)  Pursuant to the Private Placement Memorandum ("PPM"), the Agreement, and industry standards, all Crest agreements require proposed participants to return a corresponding Agreement, which specifically must be accepted by Crest, along with that person's Advanced Sums.  (UF ¶ 1; Decl. of Edwin P. Horan ("Horan Decl."), filed June 15, 2007, ¶ 6.)  A participant's payment and Agreement must be delivered to Crest prior to the drilling of the well.  (UF ¶ 2.)  Moreover, the PPM requires the Agreement to be accepted by Crest.  (UF ¶ 3.)  All Crest Agreements for participating in a drilling specifically allow Crest to accept or reject proposed participation by any individual or entity, for any reason.  (UF ¶ 4.)  The Agreement for the NWG #2 Well had never been signed by anyone at Crest, and had not been accepted by Crest.  (UF ¶ 5.)

The NWG #2 Well commenced drilling on December 15, 1999. (UF ¶ 6.)  The Bensons' purported Agreement for the NWG #2 Well was dated January 1, 2000, and was not received by Crest until May 2001.  (UF ¶ 7.)  The Bensons also produced a copy of a front of a check, dated January 1, 2000, as purported proof of payment made to Crest regarding the NWG #2 Well.  (UF ¶ 8.)  Relying on Donald Benson's representation that the Bensons were participants to the NWG #2 Well, Crest paid the Bensons $301,258.74 in total

3

as royalty payments on the NWG #2 Well.  (UF ¶ 11.)  The royalty payments were deposited into the account of the Donald Benson Family LLC by Marylan Benson.  (UF ¶¶ 12-13.)  All payments made to the Bensons were in error.[4]  (UF ¶ 14.)  Edwin P. Horan, III, at all relevant times the president of Crest Energy, Inc. and Crest Oil & Gas Management Corp., requested that the Bensons return all funds that were sent in error for royalty payments of the NWG #2 Well, but Donald Benson refused to do so.  (UF ¶ 15.)

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."  Fed. R. Civ. P. 56(c); see California v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998).  The evidence must be viewed in the light most favorable to the nonmoving party.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the moving party fails to meet this burden, "the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial."  Nissan Fire & Marine

---

[4] Counter-defendants dispute this fact on the basis that Crest does not have standing to object to any payments because all documents were with Crest Energy, Inc., not Crest Oil & Gas Management Corp.  For the reasons set forth *infra*, Crest has standing to object to these payments.

4

Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102-03 (9th Cir. 2000). However, if the nonmoving party has the burden of proof at trial, the moving party only needs to show "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325.

Once the moving party has met its burden of proof, the nonmoving party must produce evidence on which a reasonable trier of fact could find in its favor viewing the record as a whole in light of the evidentiary burden the law places on that party. See Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmoving party cannot simply rest on its allegations without any significant probative evidence tending to support the complaint. See Nissan Fire & Marine, 210 F.3d at 1107. Instead, through admissible evidence the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

**ANALYSIS**

This court has jurisdiction based upon the parties' diversity of citizenship. Therefore, state law controls on all substantive issues. Sherman v. Mutual Benefit Life Ins. Co., 633 F.2d 782, 784 (9th Cir. 1980). A district court sitting in diversity must apply the choice of law rules of the forum state. Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 (9th Cir. 1987). "California law requires an analysis of the interests of states involved to determine the law that most appropriately applies to each issue." Consol. Data Terminals v. Applied Digital Data Sys., Inc., 708 F.2d 385, 390 n.3 (9th Cir. 1983). Because the oil production giving rise to the royalty

5

placements at issue in this case took place in California, the court concludes that California law should govern all claims.[5]

Crest moves for summary judgment against the Bensons on the basis that the Bensons were unjustly enriched by Crest Energy Inc.'s payment of royalties on the NWG #2 Well, to which it asserts that the Bensons were not participants. Unjust enrichment is the general principle "that one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable . . . ." Cal. Emergency Physicians Med. Group v. Pacificare of Cal., 111 Cal. App. 4th 1127, 1136 (Cal. Ct. App. 2003) (quoting Dinosaur Dev., Inc. v. White, 216 Cal. App. 3d 1310, 1315 (Cal. Ct. App. 1989)). Crest presents evidence that the NWG #2 Well commenced drilling on December 15, 1999, prior to the date of the contract signed by the Donald Benson Family LLC and over a year prior to the purported payment for the NWG #2 Well in May 2001. Crest also presents evidence that the Agreement for the NWG #2 Well was never signed by anyone at Crest Energy, Inc. or Crest and had not been accepted by Crest Energy, Inc. or Crest. Under the terms of the PPM, a participant's payment and Agreement must be delivered to Crest *prior* to the drilling of the well. Moreover, Crest presents evidence that neither it nor Crest Energy, Inc. ever accepted the Bensons' Agreement regarding the NWG #2 Well. The Bensons fail

---

[5] Moreover, the Benson's original claims arising out of defendant's conduct in relation to similar Agreements were for violations of California state law.

6

to present any evidence to the contrary.[6]  As such, because the Bensons failed to submit the Agreement and payment prior to the drilling of the NWG #2 Well and because neither Crest Energy, Inc. nor Crest ever accepted the Agreement, the Bensons were not entitled to royalty payments on the NWG #2 Well.

Indeed, in their opposition, the Bensons do not argue that they were entitled to the royalty payments from the NWG #2 Well.[7] Rather, the Bensons argue that Crest Energy, Inc., the entity named in the Agreement, did not assign its rights in the NWG #2 Well to Crest, and thus, Crest has no interest in the royalty interests paid to the Bensons by Crest Energy, Inc.  In support of this contention, the Bensons assert that there is no evidence presented in any of the moving papers submitted by Crest that there are written recorded assignments for all oil interests in California from Crest Energy, Inc. to Crest, nor is there any evidence of an assignment of any claim from Crest Energy, Inc. to Crest.  (See Counter-defs.' Stmt. of Genuine Issues of Material Fact ("DF"), filed June 28, 2007, ¶¶ 4-5.)

In its reply, Crest contends that it is a successor in interest to Crest Energy, Inc., and therefore, is entitled to the

---

[6] The Bensons object to the evidence on foundation and authentication grounds.  As set forth above, these objections are OVERRULED.

[7] It is difficult to fully ascertain what counter-defendants are asserting in their opposition, almost half of which is comprised of string citations to cases setting forth the standard for Rule 56 motions.  Their arguments are disjointed, unrelated to any of the issues raised before the court over the past three years of litigation, and at times, barely intelligible.  Nonetheless, the court has attempted to discern and adjudicate counter-defendants' position, in the light most favorable to them.

obligations owed by the Bensons to Crest Energy, Inc.  During the three year course of this litigation, the Bensons did not serve any written discovery, depose Horan, or meet and confer with Crest's counsel regarding the issue of Crest's status as successor in interest.  (Supp. Decl. of Gregory J. Brod ("Supp. Brod Decl."), filed July 5, 2007, ¶ 4).  Seeking clarification, the court directed Crest to submit supplemental evidence regarding the issue of whether it is the successor in interest to Crest Energy, Inc.  (See Minute Order, filed July 13, 2007.)

In response, Crest submitted a supplemental brief documenting its status as successor in interest to Crest Energy, Inc.  (Def.'s Supp. Br., filed July 23, 2007.)  Specifically, the brief contains documents showing that Crest is the successor in interest of a merger between Crest Energy, Inc. and Quibono Management Corp. which took place on November 1, 2001.  (Def.'s Supp. Br., at 2; see Ex. H, I to Def.'s Req. for Judicial Notice ("Def.'s Notice"), filed July 23, 2007.)  Under California law, a successor in interest is considered a real party in interest.  See Block v. Tobin, 45 Cal. App. 3d 214, 221 (Cal. Ct. App. 1975).  Furthermore, Crest also submitted to the court a report of transfer of the NWG #2 Well from Crest Energy, Inc. to Crest on July 27, 2004.  (Ex. J to Def.'s Notice.)  As such, the Bensons' assertion that Crest has no claim to the royalty interests Crest Energy, Inc. paid to them is without merit; the undisputed evidence demonstrates that Crest Energy, Inc. merged into Crest and that Crest Energy, Inc. assigned its rights in the NWG #2 Well to Crest.

///

1    In their response to Crest's supplemental brief, the Bensons
2 do not dispute the evidence supporting Crest Energy, Inc.'s
3 merger to Crest, or Crest Energy, Inc.'s assignment of the NWG #2
4 Well to Crest.  Rather, the Bensons now claim that Crest Energy,
5 Inc. never existed as a California corporation.  In support of
6 this assertion, the Bensons produced an internet search for Crest
7 Energy, Inc. which displayed no result.  (Ex. 1 to Counter-defs.'
8 Resp. to Supp. Br., filed July 30, 2007.)  However, the Bensons'
9 argument that Crest Energy, Inc. was never a California
10 corporation is irrelevant to Crest's claim for unjust enrichment.
11 The undisputed evidence in this case demonstrates:  (1) an entity
12 known as Crest Energy, Inc. paid the Bensons a total of
13 $301,258.74; (2) the Bensons did not have a right to this
14 payment; and (3) the entity known as Crest Energy, Inc. merged
15 into the entity known as Crest Oil & Gas Management Corp., the
16 counter-claimant seeking repayment through this action.  As such,
17 Crest's motion for summary judgment on its cross-claim for unjust
18 enrichment is GRANTED.
19    After filing their opposition to cross-claimant's motion for
20 summary judgment, the Bensons submitted an application to enter
21 default and a motion for judgment against Crest Energy, Inc.
22 based upon its alleged failure to timely respond to their
23 complaint.  Default may be entered by the clerk if the defendant
24 has "failed to plead or otherwise defend" within the permitted
25 time.  Fed. R. Civ. P. 55(a).  The Bensons' second amended
26 complaint named Crest, Crest Energy, Inc., Crest Oil Natural Gas
27 Management Corp., and Nq Tx Quibono as defendants.  In the
28 complaint, the Bensons allege that "[d]efendants Crest Energy,

9

1  Inc. [and] Crest Oil & Gas Management Corp. . . . are
2  interrelated business entities that are successors in interest to
3  each other via merger and or acquisition." (2d Am. Compl., filed
4  Oct. 24, 2004, ¶ 2). Crest answered the amended complaint,
5  asserting that it was erroneously sued as Crest Energy, Inc. as
6  well as other business entities. (Def.'s Ans. to Am. Compl.,
7  filed Apr. 7, 2005, at 1). As documented in Crest's supplemental
8  brief and evidence, Crest Energy, Inc. merged into Crest. As
9  such, the court concludes that Crest was the proper party to
10 respond to the Bensons' complaint and that Crest Energy, Inc. was
11 not required to file an answer. Therefore, the Bensons'
12 application for entry of default against Crest Energy, Inc. is
13 DENIED.

## CONCLUSION

For the foregoing reasons, Crest's motion for summary judgment is GRANTED, and the Bensons' application to enter default and judgment against Crest Energy, Inc. is DENIED. The Clerk of the Court is directed to close this file.

IT IS SO ORDERED.

DATED: August 20, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE