UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----ooOoo----

DONALD E. BENSON, MARYLAN J. BENSON, and DONALD BENSON FAMILY LLC

      Plaintiffs,

  v.

CREST ENERGY, INC., et al.,

      Defendants.

NO. CIV. S-04-1249 FCD EFB

MEMORANDUM AND ORDER

----ooOoo----

This matter is before the court on defendant and counter-claimant Crest Oil & Gas Management Corp.'s ("Crest") motion for attorney's fees and for an amended judgment against plaintiffs and counter-defendants Donald E. Benson, Marylan J. Benson and the Donald Benson Family LLC (collectively, the "Bensons"). The Bensons oppose the motions. For the reasons set forth below,[1] Crest's motions are GRANTED.

///

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

1

## BACKGROUND[2]

This case arises out of the Bensons' investment in oil and gas wells developed by Crest Energy, Inc.  The Bensons originally filed this action in February 2004 in the Superior Court of California, County of Glenn, for (1) breach of contract; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) accounting; and (5) unfair business practices.  Defendants removed the action to this court on the basis of diversity jurisdiction.  In April 2005, Crest filed counterclaims against all the Bensons for (1) unjust enrichment; (2) express indemnity; and (3) breach of contract.  On December 1, 2006, the court granted Crest's motion for summary judgment regarding the Bensons' claims against it.  However, Crest did not seek adjudication of its counterclaims against the Bensons through its initial summary judgment motion.  Subsequently, the court amended the pretrial scheduling order to allow Crest to file a dispositive motion regarding its remaining counterclaim for unjust enrichment.

Crest's claim for unjust enrichment arose out of $301,258.74 paid as royalty payments to the Bensons based on a well to which they were not participants (the "NWG #2 Well").  In their opposition to Crest's motion for summary judgment, the Bensons did not argue that they were entitled to the royalty payments from the NWG #2 Well.  Rather, the Bensons argued that Crest

---

[2] This court's Memoranda & Orders adjudicating Crest's prior motions for summary judgment set forth more detailed descriptions of the facts of this case.  (See Mem. & Order [Docket #151], filed Aug. 20, 2007; Mem. & Order [Docket #99], filed Dec. 1, 2006).

Energy, Inc., the entity named in the Agreement, did not assign its rights in the NWG #2 Well to Crest, and thus, Crest has no interest in the royalty interests paid to the Bensons by Crest Energy, Inc.  In response, Crest submitted undisputed evidence that (1) demonstrated that Crest Energy, Inc. merged into Crest and; (2) Crest Energy, Inc. assigned its rights in the NWG #2 Well to Crest.  Based upon this evidence, and the lack of any opposition to Crest's contention that the Benson's were not entitled to the royalty payments distributed to them from the NWG #2 Well, the court granted Crest's motion for summary judgment regarding its claim of unjust enrichment.  On August 20, 2007, the court entered judgment in accordance with the court's Memorandum & Order filed that same day.

## ANALYSIS

**A.   Attorney's Fees**

Crest moves for attorney's fees in this matter pursuant to contract.  The Private Placement Memorandum (the "PPM"), entitled "1999 California Oil and Natural as Drilling Program," was the principal document governing the contractual relationship between the parties and the basis for all of plaintiffs' claims for relief.  The PPM provides for the recovery of all court costs, as well as attorney's fees to the prevailing party of a legal action.  Moreover, the parties set forth in their Joint Pretrial Statement that "[p]ursuant to contract, Crest shall be entitled to attorney's fees in defending the Second Amended Complaint." (Joint Pre-Trial Stmt. [Docket # 107], filed Mar. 2, 2007, at 20).

/////

1  In opposition to Crest's motion for attorney's fees, the
2 Bensons again assert that because Crest was not a signatory to
3 the PPM, it can not recover attorneys' fees. As set forth in
4 this court's Memorandum and Order addressing defendant's motion
5 for summary judgment on its counterclaim, Crest has demonstrated
6 that Crest Energy, Inc. merged into Crest and that Crest Energy,
7 Inc. assigned its rights under the PPM to Crest. As such, the
8 Bensons' argument is without merit.
9  The Bensons also once again assert that Crest Energy, Inc.
10 never existed as a California corporation. In support of this
11 assertion, the Bensons request that the court take judicial
12 notice of a print-out of an internet search on the California
13 Secretary of State website for Crest Energy, Inc., which did not
14 yield a matching result. (Request for Judicial Notice, filed
15 Sept. 25, 2007). Rule 201 of the Federal Rules of Evidence allow
16 that court to take judicial notice of adjudicative facts. Fed.
17 R. Evid. 201.

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Id. The Bensons proffered print-out of a webpage is not authenticated. Moreover, the print-out provides, "If you are unable to locate a record, you may request a more extensive search by ordering a status report." (Request for Judicial Notice). As such, on its face, the Bensons' "evidence" is neither "unquestionably accurate" nor conclusive of their contention that Crest Energy, Inc. was not a valid California

4

corporation. Thus, this argument is also without merit.

Crest seeks $96,850.00 in attorney's fees in this case. The Bensons assert that this amount is unreasonable. However, in support of their assertion, the Bensons merely place "x" marks next to those hours that they deem unreasonable without further information. The Bensons' cursory and unsubstantiated objections to Crest's documented attorneys fees cannot justify a finding of unreasonableness. In their opposition, the Bensons specifically object to fees relating to Crest's motion for discovery sanctions, which they assert was denied. The Bensons mischaracterize this motion. A review of the docket reveals that the referenced motions and hearing related to both parties' cross-motions to compel and for sanctions. Both parties prevailed on their motions to compel, and both parties' motions for sanctions were denied. As such, Crest prevailed with respect to their motion to compel and in defending against the Bensons' motion for sanctions. Therefore, attorney's fees relating to these motions are reasonable.[3]

This litigation began over three years ago. Crest prevailed in both defending itself in this action and asserting its own counterclaims. The fees set forth by Crest's attorney are reasonable, and the Bensons have failed to set forth any contrary evidence or coherent argument in opposition. Therefore, because

---

[3] The Bensons also contend that Crest is overcharging for travel time to Orange County for a court ordered deposition. The description of this activity by Crest's attorney includes both travel time and preparation for the deposition. The Bensons offer no argument or suggestion regarding what reasonable hours expended for this would be or why Crest should not be compensated for deposition preparation, even if the deposition was compelled by court order.

the operative agreement between the parties provides for reasonable attorney's fees, Crest's motion for attorney's fees in the amount of $96,850.00 is GRANTED.

**B.   Motion for Amended Judgment**

Crest moves for an amended judgment to specify the parties bound by the judgment and the monetary value of the award. Crest's counterclaim was asserted against counter-defendants Donald E. Benson, Marylan J. Benson, and Donald Benson Family LLC.  While Donald Benson was dismissed as a plaintiff in this action, he was never dismissed as a counter-defendant.[4] Moreover, in its prior order, the court found that the undisputed evidence demonstrated that the Bensons were paid $301,258.74 in total as royalty payments on the NWG #2 Well.  Crest sought pre-judgment interest at the legal rate from August 1, 2001, totaling $529,655.04.  The Bensons raised no argument in either their opposition to the summary judgment motion or their opposition to Crest's motion to amend the judgment with respect to either the amount of damages or the pre-judgment interest sought by Crest. Therefore, judgment is entered against counter-defendants Donald E. Benson, Marylan J. Benson, and Donald Benson Family LLC in the amount of $529,655.04.

**CONCLUSION**

For the foregoing reasons, Crest's motion for attorney's fees and for an amended judgment is GRANTED.  Crest's motion for attorney's fees in the amount of $96,850.00 is GRANTED.  Judgment

---

[4] The docket reflects that Donald E. Benson was terminated on January 5, 2006.  However, this was a clerical error, as the court's Order, filed January 5, 2006, dismissed Donald E. Benson only as a plaintiff.

is entered against counter-defendants Donald E. Benson, Marylan J. Benson, and Donald Benson Family LLC in the amount of $529,655.04 with interest to accrue at the legal rate.

IT IS SO ORDERED.

DATED: October 23, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE